**Odell PARHAM, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18443.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 12, 1964.

Decided June 25, 1964.

Certiorari Denied Dec. 7, 1964.

See 85 S.Ct. 336.

Mr. De Long Harris, Washington, D. C., for appellant.

Mr. Max Frescoln, Asst. U. S. Atty., with whom Mr. David C. Acheson, U. S. Atty., and Messrs. Frank Q. Nebeker and Barry Sidman, Asst. U. S. Attys., were on the brief, for appellee.

Before PRETTYMAN, Senior Circuit Judge, and WRIGHT and McGOWAN, Circuit Judges.

PER CURIAM.

Appellant contends that the use of the word "presumed" in the course of the trial judge's instructions on proof of intent rendered the charge reversibly erroneous. We think the charge was clearly valid, since the judge correctly told the jurors they could deduce or infer intent from the facts and circumstances shown in the evidence. The "presumed" was in an additional clause and obviously was used to indicate deduction or inference from basic facts. However it appears from the cases that over the years "presumption" has acquired connotations which embody the idea of a binding rule of law. In view of what the Supreme Court had to say about the word in Morrissette v. United States,[1] we think trial judges would be well advised to omit the word from their instructions on intent,

1. 342 U.S. 246, 256, 72 S.Ct. 240, 96 L.Ed. 288 (1952).

thus avoiding the possibility of unintentional confusion.

We find no error in this or in other allegedly erroneous rulings, and the judgment of the District Court will be

Affirmed.